**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **TCF Inventory Finance, Inc.,** | ) | **CASE NO. 1: 11 CV 85** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **Northshore Outdoor, Inc.,** *et al.*, | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendants. | ) | |

Before the Court is "Plaintiff's Motion for Reconsideration of the Order Denying in Part Plaintiff's Motion for Summary Judgment." (Doc. 30.) For the reasons stated below, the motion is denied.

**Standard of Review**

The Federal Rules of Civil Procedure do not expressly provide for "motions for reconsideration." Such motions are considered as motions to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e). Four circumstances justify a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e): (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice.

1

*Henderson v. Walled Lake Consol. Sch.*, 469 F.3d 479, 496 (6th Cir.2005).

**Discussion**

TCF argued in its motion for summary judgment that it was entitled to judgment on its breach of contract claims alleged in the case because Northshore failed to pay TCF for "sold" inventory in accordance with the parties' financing agreements as demanded by TCF in letters to Northshore in October, 2010.  The Court denied TCF's motion for summary judgment because the Court determined that genuine issues of material fact existed as to whether "demo" equipment for which TCF demanded payment in its letters had in fact been "sold" by Northshore within the meaning of the parties' financing agreements such that Northshore had contractual obligations to pay for it.

In its motion for reconsideration, TCF "does not question the Court's decision" that a material dispute exists as to "when 'demo' inventory becomes sold."  (TCF Mot. at 2.)  But TCF argues that the Court's "denial of [TCF's] summary judgment motion as to its claims against the Defendants was in error because Northshore admitted that it sold inventory financed by [TCF] to customers" for which Northshore did not pay TCF.  (*Id*.)  As evidence of this "admission," TCF relies on Dawn Allen's affidavit submitted by defendants in connection with their brief opposing TCF's motion for summary judgment.  Allen stated in this affidavit:

> I have reviewed Exhibit 8 attached to Paula Levering's Affidavit, which purports to be a list if [sic] items "missing" after the repossession.  The list is inaccurate.  Contary [sic] to Ms. Levering's Affidavit, all equipment was repossessed by MTD/TCF except for the following: (a) Invoice ♯669929-0, Serial ♯1D060Z5005 was approved by MTD as a donation to a local school district and a credit was issued to Northshore's open account with MTD; and (b) the following equipment had been sold between October 21, 2010 to the date of the repossession and therefore was not at the store: (i) Invoice

♯695072, Serial Number ZF60/1F250Z20047; (ii) INVOICE ♯702057, Serial Number 528SW/1G290B50026, (iii) INVOICE ♯709278, Serial Number EFI/1H118G40004; and (iv) INVOICE ♯690886, Serial Number LTX 1042/1F040H10027.

TCF argues in its motion for reconsideration that Allen's statement in the affidavit that equipment was sold between October 21, 2010 and the date of the repossession is an admission that Northshore "sold" inventory for which it did not pay TCF, thereby breaching the parties' financing agreements.

If it could be fairly said, based on TCF's original briefs on summary judgment, that TCF asserted the theory of breach of contract it now advances in its motion for reconsideration (*i.e.*, that Northshore breached its contractual obligation to pay TCF for "sold" inventory on the basis of admitted sales made by Northshore after TCF declared default on October 15, 2010), then TCF's argument might be an appropriate one on a motion for reconsideration. However, it cannot fairly be said that TCF argued the theory it now advances or relied on the evidence it now cites. (*See* Doc. Nos. 25, 27.) Rather, in its original briefs, TCF argued that Northshore was in default of its contractual obligation to pay TCF for sold inventory because "Northshore had failed to pay for sold inventory at the time [TCF] demanded payment and declared Northshore in default for failure to pay." (*See* Doc. No. 27, TCF Rep. at 1.) *See also* TCF Reply at 3 ("Northshore admits that it had not paid for certain sold inventory when [TCF] declared a default on October 15, 2010.")[1]

In short, TCF did not base its motion for summary judgment on purported sales of financed inventory by Northshore after TCF declared Northshore to be in default.

---

[1] As TCF acknowledges and does not dispute on reconsideration, the Court found that a material issue of fact existed on this point.

3

"A motion under Rule 59(e) is not an opportunity to re-argue a case." *Sault St. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).  Thus, parties cannot use a motion for reconsideration to raise new legal arguments or theories which could have been raised before a judgment issued.  *See Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 447 F.3d 383, 395 (6th Cir. 2007).  *See also McConocha v. Blue Cross & Blue Shield Mut. of Ohio*, 930 F.Supp. 1182, 1184 (N.D.Ohio 1996) ("It is not the function of a motion to reconsider either to renew arguments already considered and rejected by a court or to proffer a new legal theory or new evidence to support a prior argument when the legal theory or argument could, with due diligence, have been discovered and offered during the initial consideration of the issue.").

In that TCF did not assert the theory it now advances or rely on the evidence it now cites in its original motion for summary judgment, TCF's motion for reconsideration is denied.  TCF has not demonstrated a proper basis for reconsideration under Fed. R. Civ. P. 59(e).

IT IS SO ORDERED.

    /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 4/23/12

4